UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ARTURO MARTINEZ GAMBOA,

      Petitioner,

    v.                              Case No.:  2:26-cv-00704-SPC-DNF

MATTHEW MORDANT *et al.*,

      Respondent,

                                       /

## **OPINION AND ORDER**

Before the Court are petitioner Arturo Martinez Gamboa's Petition for Writ of Habeas Corpus (Doc. 1) and the government's response (Doc. 4).  For the below reasons, the Court denies the petition.

Martinez Gamboa is a native of Mexico.  He first entered the United States without inspection in April 1999.  On June 2, 2009, Martinez Gamboa was granted voluntary departure in lieu of removal, and he departed some time between June 2, 2009, and June 18, 2009.  But he reentered without permission on June 19, 2009.  The Department of Homeland Security issued an order of expedited removal on June 21, 2009, and he was removed to Mexico that day.  He reentered the country in July or August 2009.  He currently lives in Davenport, Florida with his common-law wife and five U.S. citizen children.

On March 5, 2026, local police arrested Martinez Gamboa during a traffic stop and handed him over to Immigration and Customs Enforcement ("ICE").

ICE notified Martinez Gamboa that it reinstated the 2009 removal order. Martinez Gamboa is currently detained at Alligator Alcatraz. He challenges the legality of his detention under the Fifth Amendment and the Immigration and Nationality Act.

"Once a noncitizen's order of removal becomes administratively final, the Government 'shall' remove the person within 90 days." *Singh v. U.S. Attorney Gen.*, 945 F.3d 1310, 1313 (11th Cir. 2019) (quoting 8 U.S.C. § 1231(a)(1)(A)). The government must detain the noncitizen during the 90-day removal period, which begins when the removal order becomes administratively final. *Id.* Detention may continue after the removal period, but not indefinitely.

In *Zadvydas v. Davis*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." 533 U.S. 678, 700-01 (2001). If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court found it unlikely Congress "believed that all reasonably foreseeably removals could be accomplished in [90 days]." *Id* at 701. So, "for the sake of uniform administration in the federal courts," it established a "presumptively reasonable period of detention" of six months—the 90-day removal period plus an additional 90 days. *Id.* Courts use a burden-shifting framework to judge the constitutionality of additional post-removal detention:

> After this 6-month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut the showing.

*Id.*

The respondents argue Martinez Gamboa's petition is premature. The Court agrees. The reinstated removal order became final on March 5, 2026. *See* 8 U.S.C. § 1231(a)(5). Martinez Gamboa's is authorized by §1231, he is still in the removal period, and his detention is presumptively reasonable.

Accordingly, it is hereby

**ORDERED:**

Arturo Martinez Gamboa's Petition for Writ of Habeas Corpus (Doc. 1) is **DENIED**. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE AND ORDERED** in Fort Myers, Florida on March 30, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record